UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA ZORICH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:15-CV-871 (CEJ) |
| COREY ZAVORKA, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the court on the motion of defendant St. Louis County to dismiss Count VII of the complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim. Plaintiff has filed a response and the issues are fully briefed.

**I.   Background**

On April 29, 2014, the St. Louis County Police Tactical Response Unit executed a search warrant at plaintiff's home in St. Louis County. Plaintiff alleges that defendant Robert Rinck, a St. Louis County police officer assigned to the "problem properties unit," obtained the warrant even though plaintiff had agreed to allow Rinck to inspect her home. Plaintiff further alleges that the Tactical Response Unit battered in her front door while she and other family members, including a child, were present. Defendant Corey Zavorka, the first officer who entered the home, shot and fatally wounded the family dog. Plaintiff was removed from her home and a search was conducted.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming that the Rinck and Zavorka violated her rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution.  She also asserts state law tort claims against the

officers.  In Count VII of the complaint, plaintiff claims that St. Louis County is liable for the constitutional violations committed by the individual defendants based on the theory of *respondeat superior.*

## II. Discussion

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236.

Although the Supreme Court has "held that a municipality is a 'person' that can be liable under § 1983," it is well established "that a municipality cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." Szabla v. City of Brooklyn Park, Minn., 486 F.3d 385, 389 (8th Cir. 2007) (citing Monell v. Department of Social Services of New York, 436 U.S. 658, 690-91 (1978)). Plaintiff acknowledges that her *respondeat superior* claim against St. Louis County cannot be sustained.  Count VII fails to state a claim and will be dismissed.

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendant St. Louis County to dismiss [Doc. #7] is **granted**.

A separate order of dismissal will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of August, 2015.