UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA ZORICH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:15-CV-871 (CEJ) ) |
| COREY ZAVORKA, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the motion of defendant Robert Rinck for more definite statement, pursuant to Fed.R.Civ.P. 12(e), with respect to plaintiff's unlawful retaliation claim asserted in Count IV of her complaint. Plaintiff has filed a response in opposition and the issues are fully briefed.

### Background

On April 29, 2014, the St. Louis County Police Tactical Response Unit executed a search warrant at plaintiff's home in St. Louis County. In this 42 U.S.C. § 1983 action, plaintiff alleges that, while she and her family were home, the Unit battered in her front door and fatally shot the family dog. According to the complaint, on the day before the search, plaintiff told defendant Robert Rinck, a St. Louis County police officer assigned to the "problem properties unit," that he could inspect her home. Despite this agreement, Rinck secured the warrant and "orchestrated [a] dynamic entry" into her home. *Complaint*, ¶ 121.

In Count IV of the complaint, plaintiff asserts a claim of retaliation against Rinck. She alleges that she was engaged in speech protected by the First Amendment and that she "refused to take action against persons with whom she

was associated with for engaging in speech that is protected under the First Amendment." *Complaint*, ¶ 120. She further alleges that "[d]efendant Rinck secured the warrant and orchestrated the dynamic entry by the St. Louis County Tactical Unit because he believed that one or more children of Ms. Zorich had previously cursed at Defendant Rinck and that Ms. Zorich had previously cursed at Officer Rehagen." *Complaint*, ¶ 121. Plaintiff claims that Rinck's desire to chill her and her children's protected speech was "a substantial or motivating factor" for his obtaining a search warrant, deploying the Tactical Unit, and killing her dog. *Complaint*, ¶ 122.

**Discussion**

Rule 12(e), Fed.R.Civ.P., provides that a party may move for a more definite statement of a pleading "which is so vague that the party cannot reasonably prepare a response." A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. Tinder v. Lewis Cnty. Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (citations omitted). However, due to liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored. Id. Motions for more definite statement are designed to strike at unintelligibility rather than lack of detail in the complaint. Id. at 960. They are not to be used to test the opponent's case by requiring him to allege certain facts or retreat from his allegations. Id. And, they are not to be used as a substitute for discovery in trial preparation. Id.

Plaintiff's claim in Count IV is based on allegations that defendant Rinck engaged in conduct that was intended to retaliate against her for using profanity.

2

Rinck contention that he cannot formulate a response because plaintiff fails to identify the protected speech is contradicted by the allegations of the complaint. In paragraph 121, plaintiff alleges that Rinck secured the warrant and deployed the tactical unit because "one or more of her children had previously cursed" at him and because she herself "had previously cursed at" another officer. See also ¶26 ("Rinck stated that he was angry because [plaintiff's] son had used profanity towards him."); ¶22 (plaintiff told Officer Rehagen that the claim her electrical service was discontinued was "bullshit"). A plain reading of the complaint makes it clear that plaintiff is claiming First Amendment protection for the alleged "cursing." The First Amendment protects verbal criticism and challenge, including profanity, directed to police officers unless the speech consists of "fighting words," — that is, words that themselves inflict injury or incite immediate breach of the peace. City of Houston v. Hill, 482 U.S. 451, 461-63 (1987). Count IV is not vague or ambiguous and defendant Rinck should be able to frame a responsive pleading.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Robert Rinck for more definite statement [Doc. #10] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2015.