UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA ZORICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 4:15-CV-871 (CEJ) |
| | ) |
| COREY ZAVORKA, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to file a first amended complaint. Defendants have filed a response in opposition to the motion.

I.  **Background**

On April 29, 2014, the St. Louis County Police Tactical Response Unit executed a search warrant at plaintiff's home in St. Louis County. Plaintiff alleges that defendant Robert Rinck, a St. Louis County police officer assigned to the "problem properties unit," obtained the warrant even though she had agreed to make arrangements for him to inspect her home. Plaintiff further alleges that the Tactical Response Unit battered in her front door while she and other family members, including a child, were present. Defendant Corey Zavorka, the first officer who entered the home, shot and fatally wounded the family dog. Plaintiff was removed from her home and the search was conducted.

On June 2, 2015, plaintiff filed this action pursuant to 42 U.S.C. § 1983, claiming that defendants Rinck and Zavorka violated her rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts state law tort claims. On August 18, 2015, the Court dismissed plaintiff's

claim that St. Louis County was liable for the constitutional violations committed by the individual defendants based on the theory of *respondeat superior*. [Doc. # 17].

On September 16, 2015, the Court entered a Case Management Order (CMO) that established October 16, 2015, as the date by which the parties could amend pleadings or join additional parties without leave of court. [Doc. #24]. On July 29, 2016, some nine months after the amendment/joinder deadline passed, plaintiff filed a motion to modify the CMO. As grounds for the modification request, plaintiff stated that she had obtained new counsel who needed additional time to review the case. She also stated that, in the course of discovery she had obtained additional information regarding "St. Louis County policies, practices, and customs" as well as "certain . . . supervisory personnel." [Doc. # 34]. Plaintiff attached a proposed amended CMO to her motion. The proposal did not include any modification of the October 16, 2015 deadline for amending pleadings and adding parties. Although plaintiff stated that she intended to file a motion for leave to amend her complaint along with a proposed amended complaint "contemporaneously" with the motion to modify, she did not do so. [Doc. #34 at ¶5].

The Court granted plaintiff's motion to modify and an amended CMO was entered on August 15, 2016. [Doc. #36]. The deadline for amending pleadings and joining parties was not extended.

On October 28, 2016, plaintiff filed the instant motion for leave to amend her complaint to add three new defendants, assert a new claim against defendant Zavorka, and assert three claims against St. Louis County for municipal liability pursuant to Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978).

## II. Discussion

Both the original and the amended Case Management Orders established October 16, 2015, as the deadline for amending pleadings and joining parties. In order to amend after this deadline, plaintiff must satisfy the standard for modifying scheduling orders set forth in Rule 16 of the Federal Rules of Civil Procedure.[1] Under Rule 16, a case management order "may be modified only for good cause." Fed.R.Civ.P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716–17 (8th Cir. 2008) (quoting Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. at 717; see Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003) (affirming the district court's denial of plaintiff's motion to amend her complaint for failure to show good cause); Trademark Med., LLC v. Birchwood Labs., Inc., 22 F. Supp. 3d 998, 1004 (E.D. Mo. 2014) (rejecting plaintiff's argument that new discovery justified late amendment of pleadings).

---

[1] In support of her motion for leave to amend, plaintiff relies on Rule 15(a), Fed.R.Civ.P, which governs the pretrial amendment of pleadings and states that where an amendment is not sought "as a matter of course"—as defined by the Rule—"a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Winco Fireworks, Inc., 532 F.3d at 715 (quoting Fed.R.Civ.P. 15(a)(2)). However, once the time for amending pleadings and joining parties as established by a scheduling order has expired, the party seeking leave must satisfy Rule 16(b)'s "good cause" standard. Id. Despite proceeding under Rule 15, plaintiff's motion and memoranda in support provide sufficient information for the Court to determine whether she has demonstrated the necessary diligence.

Plaintiff states that the delay in seeking leave to amend her pleadings is justified because defendants did not produce the St. Louis County policies giving rise to the Monell claims until June 22, 2016, well after the deadline for responding to plaintiff's document requests served in October 2015. In addition, plaintiff did not receive the report from her expert witness until early July 2016. These facts do not explain why plaintiff did not file her proposed amended complaint on July 29, 2016, when she stated that she had already identified both the additional parties and the policies upon which her Monell claims are based. Plaintiff asserts that new counsel required additional time to become familiar with the evidence produced in discovery and the pleading requirements for Monell claims. The time to address this need was on July 29, 2016, when plaintiff moved to modify the other deadlines in the Case Management Order.

The Court finds that plaintiff has not shown good cause for extending the deadline to amend pleadings and join parties.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a first amended complaint [Doc. #38] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2016.