UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA ZORICH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:15-CV-871 (CEJ) |
| COREY ZAVORKA, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to voluntarily dismiss her case without prejudice. Defendants have filed a response in opposition and the issues are fully briefed.

**I. Background**

On April 29, 2014, the St. Louis County Police Tactical Response Unit executed a search warrant at plaintiff's home in St. Louis County. Plaintiff alleges that defendant Robert Rinck, a St. Louis County police officer assigned to the "problem properties unit," obtained the warrant even though she had agreed to make arrangements for him to inspect her home. Plaintiff further alleges that the Tactical Response Unit battered in her front door while she and other family members, including a child, were present. Defendant Corey Zavorka, the first officer who entered the home, shot and fatally wounded the family dog.

On June 2, 2015, plaintiff filed this action pursuant to 42 U.S.C. § 1983, claiming that defendants Rinck and Zavorka violated her rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts state law tort claims. On August 18, 2015, the Court dismissed plaintiff's

claim that St. Louis County was liable for the constitutional violations committed by the individual defendants based on the theory of *respondeat superior*. [Doc. # 17]. On October 28, 2015, plaintiff file a motion for leave to amend her complaint to add three new defendants, assert a new claim against defendant Zavorka, and assert three claims against St. Louis County for municipal liability. On November 14, 2016, the Court denied plaintiff's motion for leave to amend for failure to establish good cause to modify the Case Management Order as required by Fed.R.Civ.P. 16(b). On December 5, 2016, plaintiff filed this motion to voluntarily dismiss without prejudice.

**II.   Discussion**

Federal Rule of Civil Procedure 41(a)(2) provides that after a defendant has served its answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." When deciding whether to exercise its discretion to allow a voluntary dismissal, the "district court should consider . . . whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." Mullen v. Heinkel Filtering Sys., Inc., 770 F.3d 724, 727–28 (8th Cir. 2014) (internal quotations and citations omitted). "A party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." Donner v. Alcoa, Inc., 709 F.3d 694, 697 (8th Cir. 2013) (citation omitted).

Plaintiff offers three explanations in support of her motion to dismiss. First, in February 2016, her primary attorney withdrew from the representation to accept other employment. Although three attorneys subsequently entered their

2

appearance on plaintiff's behalf, two of the three anticipate being unavailable to assist in the representation and the third did not enter his appearance until July 2016. Plaintiff acknowledges that the anticipated departure of two of her attorneys is speculative, but argues that waiting for their actual departure will preclude voluntary dismissal. Second, plaintiff claims to have learned new information during witness depositions on November 30, 2016, including that an unknown officer aimed a gun at the head of plaintiff's son during the execution of the warrant. As defendant notes, the witnesses in question were plaintiff's sons and the mother of her grandson.  It is unknown whether the witnesses failed to disclose this information earlier to plaintiff's counsel and, if so, why they failed to disclose it. Finally, plaintiff contends that the denial of her motion to amend her complaint will require her to file a separate lawsuit and engage in dual litigation, which would waste judicial resources.

Given the seriousness of the allegations and the number of potential defendants, the Court finds that plaintiff has offered proper explanations for dismissal and is not seeking a more favorable forum. Although plaintiff seeks dismissal to avoid the Court's order denying her leave to file an amended complaint, this factor has little significance where, as here, a plaintiff intends to pursue the rejected claims in a separate lawsuit. Indeed, dismissal will permit plaintiff to proceed in a single lawsuit, which will greatly promote judicial efficiency and reduce litigation expenses for all parties.

Defendants argue that they will be prejudiced by dismissal because they have expended substantial time and expense on their defense. They represent that they have completed the depositions of all the fact witnesses they intend to pursue.

In addition, defendants argue that the threat of ongoing litigation amounts to unwarranted prejudice. Legal prejudice means "something other than the necessity that defendant might face of defending another action." Mullen, 770 F.3d at 728 (citation omitted). Similarly, the expense and effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice. Id. With respect to defendants' contention that the litigation is advanced, the Court notes that discovery remains open, the deadline for filing dispositive motions is more than a month away, and trial is not set until August 2017.

Rule 41(a)(2) allows a court to dismiss an action upon terms that the court deems proper. Here, defendants ask that the Court require plaintiff to pay costs as a condition of any dismissal. The Court declines to do so. However, to avoid unnecessary expense, the parties will not be required to re-depose witnesses or engage in other repetitive discovery. Therefore, as a condition of dismissal, all discovery obtained in this case shall be used in any subsequent litigation based on the same claims asserted here.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to voluntarily dismiss without prejudice pursuant to Fed.R.Civ.P. 41(a)(2) is **granted** on the condition that all discovery obtained in this case shall be used in any subsequent litigation based on the same claims asserted here.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of January, 2017.